## IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION

### MDL No. 2691

United States Judicial Panel on Multidistrict Litigation.

December 7, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Charles R. Breyer, Lewis A. Kaplan, R. David Proctor, Catherine D. Perry, Judges of the Panel

### TRANSFER ORDER

**Before the Panel:**\* Plaintiffs in ten actions move under 28 U.S.C. 1407(c) for transfer of the actions listed on Schedule A to the Northern District of California for inclusion in MDL No. 2691. The initial transfer order in MDL No. 2691 centralized actions involving allegations that Viagra, an oral erectile dysfunction (ED) drug in the class of medications known as PDE5 inhibitors,[1] causes or increases the risk of developing melanoma. *See In re: Viagra (Sildenafil Citrate) Prods. Liab. Litig.*, 176 F.Supp.3d 1377, 1378 (J.P.M.L. 2016). In the ten actions on the motion, plaintiffs allege that Cialis, an oral ED drug in the same class of PDE5 inhibitors as Viagra, causes or contributes to the development of melanoma. One action (*Boles* ) alleges that plaintiff's melanoma resulted from use

---

\* Judge Ellen Segal Huvelle took no part in the decision of this matter.

1. Viagra allegedly functions by inhibiting an enzyme known as phosphodiesterase type 5, or PDE5.

of both Viagra and Cialis. In the remaining nine actions, plaintiffs allegedly used Cialis only.

Plaintiffs thus seek to expand the scope of MDL No. 2691 to encompass actions alleging that Cialis causes or contributes to melanoma. They argue that centralization of Viagra and Cialis actions in the same MDL is appropriate because they both are oral ED drugs with the same mechanism of action–inhibition of PDE5–and share common factual questions as to whether this mechanism of action causes or contributes to the same injury, melanoma, based on many of the same studies.

Pfizer, Inc., the manufacturer of Viagra and the common defendant in MDL No. 2691, and Eli Lilly and Company (Lilly), the manufacturer of Cialis, support transfer of mixed use actions in which the plaintiff ingested both Viagra and Cialis and, in particular, they support transfer of *Boles*. They represent that thirteen mixed use actions already have been filed in the transferee district.

But Lilly opposes transfer of Cialis-only actions, while Pfizer takes no position on these cases. In opposition to transfer, Lilly does not dispute that some common factual questions are presented by the Cialis and Viagra actions. Rather, Lilly's opposition rests on arguments concerning how, in its view, the efficient conduct of this litigation may be achieved or hindered. First, Lilly argues that informal coordination is preferable to centralization because the number of actions and districts involved is limited, and plaintiffs are represented by just two counsel with leadership positions in the MDL.

We do not find that informal coordination is an appropriate alternative on this record. The number of involved districts and the complexity of the factual issues pose significant obstacles to informal coordination. The Cialis-only actions on the motion are pending in the Northern District of Florida, the Northern District of Georgia, and the Southern District of Indiana. In addition, as Lilly notes, another Cialis-only action is pending in the Northern District of Illinois (*Willerman*), and the Panel is aware of five more Cialis-only actions recently filed in the Northern District of California (*Davis*), Southern District of Florida (*Bowman*), District of Minnesota (*Montgomery*), Southern District of Ohio (*Preston*), and District of South Carolina (*Harenberg*). Thus, in total, Cialis-only actions are pending in nine districts. And the number of involved plaintiffs' firms has increased with the number of actions, posing a further impediment to informal coordination. Moreover, the general causation questions presented by the Viagra and Cialis actions are complex, and involve many of the same studies. The transferee court likely will confront overlapping pretrial proceedings on both the Viagra and Cialis general causation issues in any event, as a result of the pending mixed use actions involving Cialis already before the court.[2]

Lilly also argues that including Cialis actions in the MDL will slow the efficient resolution of the litigation by encouraging the filing of meritless claims by firms hoping to "warehouse" large numbers of lawsuits in anticipation of a future global settlement. We have rejected essentially this

---

**2.** Lilly also argued that informal coordination was preferable because the actions are at different procedural stages, relying principally on one advanced action in S.D. Illinois (*Chaplain*). The *Chaplain* action was terminated on November 2, 2016, and this argument is largely moot. All remaining actions on the motion are at the pleading stage or in early discovery.

same argument in the past,[3] and do so again here. We reiterate that if defense counsel has good grounds to believe that frivolous claims are being filed in this or any other MDL, it is incumbent upon them to raise that concern with the transferee judge, and to propose a process for identifying and disposing of those claims. *See Benicar*, 96 F.Supp.3d at 1382. For example, in the proceedings on the Viagra actions, defendant Pfizer submitted a statement early in the MDL arguing that the claims lack any reliable scientific basis, which plaintiffs vigorously dispute. Together, they requested, and the transferee court agreed, to structure pretrial proceedings in the MDL to focus on general causation as a threshold issue, which concerns the merits of all actions in the MDL. Like Pfizer, defendant Lilly may raise its concerns about allegedly meritless claims in the transferee court and propose a process for addressing them.

After considering the argument of counsel, we find that the actions in Schedule A share questions of fact with the actions previously transferred to MDL No. 2691, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Although the original transfer order centralized actions alleging that "Viagra (sildenafil citrate) causes or increases the risk of developing melanoma," the actions involving Cialis (tadalafil) present common questions of fact arising from the allegation that Cialis has the same mechanism of action as Viagra and causes or contributes to the development of the same injury. Thus, the actions likely will involve overlapping discovery concerning many of the same scientific studies, common expert witness issues, and duplicative pretrial motions. In these circumstances, including an additional product in the MDL is warranted.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Richard Seeborg for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 2691 is renamed *In re: Viagra (Sildenafil Citrate) and Cialis (Tadalafil) Products Liability Litigation.*

## SCHEDULE A

MDL No. 2691 **IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION**

Northern District of Florida

MOTES v. ELI LILLY AND COMPANY, C.A. No. 4:16–00532

Northern District of Georgia

COCKFIELD v. ELI LILLY AND COMPANY, C.A. No. 2:16–00210

Southern District of Indiana

HOLLIBAUGH v. ELI LILLY AND COMPANY, C.A. No. 1:16–02075

HINTON v. ELI LILLY AND COMPANY, C.A. No. 1:16–02076

BARNARD v. ELI LILLY AND COMPANY, C.A. No. 1:16–02077

HALL v. ELI LILLY AND COMPANY, C.A. No. 1:16–02079

---

**3.** *In re: Benicar (Olmesartan) Prods. Liab. Litig.*, 96 F.Supp.3d 1381, 1382 (J.P.M.L. 2015); *In re: Xarelto Prods. Liab. Litig.*, 65 F.Supp.3d 1402 (J.P.M.L. 2014).

THOMAS v. ELI LILLY AND COMPANY, C.A. No. 1:16–02080

CLIFTON v. ELI LILLY AND COMPANY, C.A. No. 1:16–02081

STEVENS v. ELI LILLY AND COMPANY, C.A. No. 1:16–02082

Middle District of Tennessee

BOLES v. PFIZER, INC., ET AL., C.A. No. 3:16–01100